**NEVILLE KIRT ET AL.**     \*     NO. 2022-C-0487

**VERSUS**     \*

    **COURT OF APPEAL**

**REBECCA C. METZINGER,**     \*
**M.D. ET AL.**     **FOURTH CIRCUIT**

    \*

    **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-07873, DIVISION "L"
Honorable Kern A. Reese, Judge
**\* \* \* \* \* \***
**Judge Pro Tempore James F. McKay III**
**\* \* \* \* \* \***
(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge
Pro Tempore James F. McKay III)


JEFFREY A. MITCHELL
JAMES CARTER
HUGO L. CHANEZ
THE COCHRAN FIRM - NEW ORLEANS
3850 N. Causeway Blvd., Ste. 1500
Metairie, Louisiana  70002
     COUNSEL FOR PLAINTIFFS/RESPONDENTS


C. WM. BRADLEY, JR.
BENJAMIN J. BILLER
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras, Suite 2700
New Orleans, Louisiana  70163
     COUNSEL FOR DEFENDANTS/RELATORS


**WRIT GRANTED; REMANDED WITH INSTRUCTIONS**

**AUGUST 18, 2022**

**JFM**
**RML**
**TGC**

In this medical malpractice action, Relators-Defendants, Pauline Taquino and Parish Anesthesia of Tulane LLC, seek review of the trial court's amended judgment, dated June 20, 2022, which denied their exception of prescription.

On November 15, 2017, the trial court granted an exception of prescription based on the failure of Plaintiffs-Respondents, Alvin Kirt, Lamont Kirt, and Neville Kirt, to comply with statutorily required filing fees under the Louisiana Medical Malpractice Act. This Court affirmed the trial court's ruling in *Kirt v. Metzinger*, 2019-0180, p. 7 (La. App. 4 Cir. 6/19/19), 274 So.3d 1271, 1274-75.

The Louisiana Supreme Court granted a writ of certiorari, affirmed the exception of prescription as to one defendant, but in all other respects reversed this Court's decision affirming the trial court's judgment. *Kirt v. Metzinger,* 2019-1162, p. 15, --- So.3d. ---- 2020 WL 1671571 at *8 (La. 4/3/20), *reh'g denied*, 2019-01162 (La. 7/9/20), 298 So.3d 168. Further, the Louisiana Supreme Court vacated the trial court's judgment in part and remanded to the matter to the trial court "for consideration and disposition of the alternative basis urged in support of the exception of prescription" i.e., that the dismissed defendants were not joint and solidary obligors and did not suspend the prescription against Relators-Defendants.

1

*Kirt,* 2019-1162, p. 15, 2020 WL 1671571 at *8. The Louisiana Supreme Court stated, in relevant part:

> The exceptors argue in the alternative that the claims against Taquino and Parish Anesthesia are prescribed because they were filed more than one year after Elaine Kirt's death. The exceptors point out that while the claims against Dr. Metzinger, Dr. Strickland, and Tulane were timely filed, those defendants were found free from fault and dismissed by summary judgment. Therefore, the dismissed defendants were not "joint and solidary obligors" with Taquino and Parish Anesthesia, which, according to the exceptors, means the timely claims filed against the dismissed defendants did not suspend prescription against Taquino and Parish Anesthesia under Louisiana Revised Statutes 40:1231.8A(2)(a). The Kirts argue the claims against Taquino and Parish Anesthesia were filed within three years of their mother's death and are subject to the one year "discovery rule" embodied in Louisiana Revised Statutes 9:5628A. The Kirts maintain they could not have reasonably known about the claims against Taquino and Parish Anesthesia until Taquino was deposed and disclosed treatment information not reasonably ascertainable from the medical records.
>
> Because the lower courts did not consider or decide the merits of this basis for the exception of prescription, which may turn on factual findings, we pretermit consideration of these arguments and remand the matter to the trial court for further disposition of the exception.
>
> CONCLUSION
>
> The dismissal of the claims against Gayle Martin is affirmed. In all other respects, the court of appeal's decision affirming the trial court's judgment is reversed. The trial court's judgment is vacated, in part, to the extent it sustained the exception of prescription and dismissed the claims against Pauline A. Taquino and Parish Anesthesia of Tulane, LLC. The matter is remanded to the trial court for consideration and disposition of the alternative basis urged in support of the exception of prescription.

*Kirt*, 2019-1162, pp. 14-15, 2020 WL 1671571 at *8.

On remand, the trial court did not conduct another hearing, but allowed the parties to file supplemental briefs. On June 20, 2022, the trial court rendered an amended judgment, which it stated, in pertinent part:

> Considering the judgment of the Supreme Court, this court is vacating its judgment of November 15, 2017 and reasons for judgment in part on the

exception of prescription relative to Pauline A. Taquino and Parish Anesthesia of Tulane, LLC. The medical malpractice claim against these named defendants are maintained and should go forward as ordered by the Louisiana Supreme Court order and reasons adopted herein. In all other respects, this court's judgment of November 15, 2017 and reasons for judgment are maintained. (See: Supreme Court Judgment-adopted herein).

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant's Pauline A. Taquino and Parish Anesthesia of Tulane, LLC. Exception of Prescription is hereby DENIED.

Upon review of the record, the panel finds that the trial court failed to comply with the Louisiana Supreme Court's instructions set forth in *Kirt v. Metzinger,* 2019-1162, p. 15, 2020 WL 1671571 at *8. The matter is remanded to the trial court to conduct an evidentiary hearing on Relators-Defendants' alternative argument on the exception of the prescription.


**WRIT GRANTED; REMANDED WITH INTRUCTIONS**